Attar v Best (2019 NY Slip Op 07044)





Attar v Best


2019 NY Slip Op 07044


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-07881
 (Index No. 13104/13)

[*1]Youssef Attar, plaintiff-appellant,
v
Lon Best, defendant-appellant, Jerrick Associates, respondent.


Bruce S. Reznick, PC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for plaintiff-appellant.
Frankini & Harms, Garden City, NY (Michael F. Palmeri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff and the defendant Lon Best separately appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 6, 2017. The order granted that branch of the motion of the defendant Jerrick Associates which was for summary judgment dismissing the complaint in this action insofar as asserted against it.
ORDERED that the appeal by the defendant Lon Best is dismissed; and it is further,
ORDERED that the order is reversed on the appeal by by the plaintiff, on the law, and that branch of the motion of the defendant Jerrick Associates which was for summary judgment dismissing the complaint in this action insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal by the defendant Lon Best must be dismissed on the ground that he is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157). In any event, his appeal is deemed dismissed pursuant to 22 NYCRR 1250.10(a).
The relevant facts are set forth in the decision and order in the companion appeal of Alkhabbaz v Best (_____ AD3d _____ [decided herewith]).
We agree with the plaintiff that Jerrick Associates failed to establish, prima facie, that it cannot be held vicariously liable for the alleged negligence of Lon Best (see id.). The failure of Jerrick Associates to make the requisite prima facie showing warranted the denial of that branch of its motion which was for summary judgment dismissing the complaint in this action insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied that branch of that motion.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court